**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v.        : | Crim. No. 05-0201M (JMF) |
| : | |
| **EDWIN GERARD JOHNSON,** : | |
| Defendant    : | |

**MOTION FOR EMERGENCY STAY AND FOR
RECONSIDERATION OF PRETRIAL RELEASE STATUS**

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully moves that this Court (1) stay defendant Edwin Johnson's release pending trial, should he attempt to post bond and (2) reconsider its denial of the Government's motion for pretrial detention.

In summary, the United States respectfully submits that, in addition to the risk of flight posed by defendant's pretrial release, no condition or combination of conditions will reasonably assure the safety of other persons and the community. Defendant's repeated threatening and dangerous conduct as described in detail at the recent detention hearing support the conclusion by clear and convincing evidence that no condition or combination of condition will reasonably assure the safety of the community, particularly in light of defendant Johnson's recent and repeated wanton disregard for the safety of others.

**Factual Background**

Between February 16, 2005 and March 31, 2005, the defendant represented himself as a Deputy United States Marshal to United States Marshals Service Communications Center, the Metropolitan Police Department (MPD) Communications Center, an MPD radio dispatcher, numerous law-enforcement officers, and prostitutes whom he stopped on the streets and threatened

to arrest in attempts to extract money and/or sex. Furthermore, on at least two separate occasions defendant led police on a high-speed chase driving through the streets in Washington, D.C. at a rate estimated to be over 100 miles per hour as he passed close to one dozen red lights. More specifically, on February 16, 2005, defendant claimed that he was chased by individuals in a vehicle who began to follow him and fire a weapon at him after he entered a downtown Northwest neighborhood posing as a Deputy United States Marshal who was conducting an investigation there.

On March 19, just four days after Mr. Johnson was interviewed by Deputy United States Marshal Anthony Campos during an investigation into these incidents, where he admitted to impersonating a Deputy United States Marshal, Mr. Johnson went back into the high prostitution neighborhood once again, attempted to pick-up an undercover officer posing as a prostitute and, when confronted by law enforcement officers, again initiated a high speed chase to evade apprehension. Finally, on March 31, 2005, defendant again drove his car into the high prostitution neighborhood in the 1400 block of K Street, N.W. and extorted $40.00 from a prostitute whom he threatened. When the police responded to the victim's call, they attempted to apprehend Mr. Johnson and he once again fled from the police driving recklessly through the streets of Washington, D.C. until he was apprehended in Charles County, Maryland. Mr. Johnson was driving with a suspended license.

At the time of defendant's arrest, he had two outstanding domestic violence matters involving charges of assault. He failed to appear in court in one case and a bench warrant was issued. Mr. Johnson has two cases pending charging him with Fleeing From Law Enforcement, Reckless Driving and Operating on a Suspended License, and he faces potential penalties of three and 20 years in the

instant case in which he is charged respectively with False Personation of a United States Official in violation of 18 U.S.C. § 912 and Wire Fraud in violation of 18 U.S.C. § 1343.

At defendant's first appearance, which took place on April 15, 2005, the Government asked U.S. Magistrate Judge Deborah Robinson for a hearing to decide whether defendant should be held without bail pending trial, citing 18 U.S.C. § 3142(f)(2)(A).  Magistrate Judge Robinson set the detention hearing down for April 19, 2005.

At the detention hearing, this Court denied the government's pre-trial detention motion and set a cash or surety bond in the amount of $25,000.  In consequence, the government respectfully requests that the Court stay Mr. Johnson's release, should he attempt to pay bond, and reconsider its denial of the Government's motion for detention pending trial.

## **Legal Discussion**

In making a pretrial release decision, a court should always consider both any risk that defendant will flee and whether defendant's release poses a danger to the community or other individuals.  This point is made clear throughout the Bail Reform Act.  Section 3142(e), which authorizes detention without bail pending trial, states:

> "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required ***and the safety of any other person and the community***, such judicial officer ***shall order*** the detention of the person before trial."  (emphasis added).

Similarly, Section 3142(f) states:

> "The judicial officer shall hold a hearing to determine whether any condition of combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person ***and the safety of any other person and the community*** – . . ."  (emphasis added).

This point is again made in Section 3142(g), **Factors to be considered**, which states:

> "The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required ***and the safety of any other person and the community***, take into account the available information concerning –
>
>     (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>     (2) the weight of the evidence against the person;
>     (3) the history and characteristics of the person . . .
>     (4) ***the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .***" (emphasis added).

Thus, at all times, the issue of defendant's danger to the community if released should be considered in any ruling on pretrial detention that is requested "pursuant to the provisions of subsection (f)" of 18 U.S.C. § 3142.

## Discussion

At the detention hearing, undersigned counsel focused upon the risk of flight posed by defendant Johnson. At this stage, the United States does not seek to belabor the Court on that point. Instead, the United States respectfully requests that the Court's reconsider its ruling in light of the clear danger posed by defendant Johnson' pretrial release. The United States respectfully contends that no condition of release or combination of release conditions can ensure that defendant Johnson will not pose a danger to the community if released.

Although defendant Johnson has no previous criminal convictions, this alone should not overcome the factors that favor his detention in light of defendant's recent violent and extremely dangerous behavior. The record demonstrates clearly that defendant Johnson has been engaged in impersonation, deceit and extremely risky behavior that puts the entire community in great danger. Defendant Johnson's recent repeated high speed flights from law enforcement through the public

4

streets of our community demonstrate a complete lack of regard for the safety of innocent pedestrians and motorists. No release condition will reasonably assure the safety of community members given defendant Johnson's demonstration that, even with suspended driving privileges, he was willing to drive at speeds greater than 100 MPH through our public streets to elude capture by law enforcement. Obviously, any further restriction by the Court upon defendant's driving privileges will not have any impact upon the defendant as he was under such a suspension of driving privileges when he wantonly and willfully risked the lives of numerous others when he sped at speeds greater than 100 MPH through approximately a dozen red traffic signals.

The repeated nature of defendant's threatening acts and dangerous flights from law enforcement demonstrates clearly and convincingly the great likelihood that defendant Johnson will again engage in criminal activity risking the lives of numerous members of our community. As already found by this Court, the facts presented at the combined preliminary hearing and detention hearing "overwhelmingly" support the serious charges in this case. In addition, the detailed testimony presented at that hearing revealed that if his apprehension is risked while committing criminal offenses while on release, defendant Johnson will readily and willfully risk others' lives in order to avoid apprehension and avoid further prosecution. The United States respectfully suggests that such a risk of death and injury to others by defendant's callous attitude and actions cannot be prevented by any single condition or multiple conditions of release, particularly a monetary bond. Accordingly, defendant Johnson should be detained pending trial in this matter.

**Conclusion**

*WHEREFORE*, the United States respectfully requests that this Court stay the order permitting defendant Johnson to post bond for his release and reconsider its decision to deny the Government's motion that Mr. Johnson be held without bond pending trial.

Respectfully submitted,

KENNETH L. WAINSTEIN, Bar No. 451058
UNITED STATES ATTORNEY

By: _____
Heidi M. Pasichow, D.C. Bar No. 370686
Assistant U.S. Attorney
Transnational Major Crimes Section
555 Fourth Street, NW, 11-445
Washington, D.C. 20530
(202) 514-7533
(202) 307-6059 (fax)
Heidi.Pasichow@USDOJ.GOV

**CERTIFICATE OF SERVICE**

I certify that I have caused service of the foregoing to be made by facsimile, the U.S. mails, and e-mail to counsel for defendant Johnson, Mr.Tony Miles, Esq., Assistant Federal Public Defender, at facsimile number (202) 208-7515; 625 Indiana Avenue, N.W., Suite 550, Washington, D.C., 20004; and Tony_Miles@fd.org (E-mail), on this 21st day of April, 2005.

_____
Heidi M. Pasichow, AUSA