**FILED**

APR 22 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.   Cr. No. 05-0201 (JMF)

EDWIN GERARD JOHNSON,

Defendant.

### MEMORANDUM ORDER

After I found probable cause to believe that the defendant committed the crime of False Personation of a United States official, (18 U.S.C. § 912), I set bond at $25,000. In this memorandum I explain why I set bond in that amount and why I am denying the government's recently filed Motion For Emergency Stay and For Reconsideration of Pretrial Release Status.

The facts of this case are bizarre. The defendant pretended to be a deputy United States Marshal and in that ersatz capacity, summoned police assistance, and shook down prostitutes. He fled from the police and drove through red lights at a terrifying speed. While he has no criminal convictions, there are pending against him two domestic assault matters and he failed to appear on one of them.

On the other hand, he has significant roots in the community and, despite his behavior, his wife would welcome him home. The defendant, who spoke to me and apologized for his acts, is an articulate person who, believe it or not, is a seminary student.[1] Obviously, as the defendant's counsel aptly suggested, there may well mental health issues at the base of the defendant's recent outrageous behavior.

---

[1] Once he is ordained, we can expect a remarkable sermon on the Prodigal Son.

Weighing on the one hand, his dangerous acts and his failure to appear in another case, against his lack of a prior criminal record, his roots, family support and his intent to serve the community the ministry, I concluded that he should not be detained but instead I would set bail in the sum of $25,000. In my view, that substantial amount for a man and a family of no substantial means struck a fair balance between assessing the risk of flight and the danger he presented against his roots in the community and his lack of a prior criminal record.

The government nevertheless asks me to detain him without bond. It does not, however, protest that there is any present likelihood that the defendant and his family will post the bond. Therefore, unless and until there is, I question whether the government's motion even presents a case or controversy over which the court has jurisdiction. Los Angeles v. Lyons, 461 U.S. 95 (1983). Assuming there is, I still believe that the bond I set strikes a fair balance among all the competing considerations and I will not reconsider it.

It is, therefore, hereby,

**ORDERED** that the government's Motion For Emergency Stay and For Reconsideration of Pretrial Release Status is **DENIED.**

**SO ORDERED.**

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

**April 22, 2005**