

U.S. Department of Justice  **FILED**

United States Attorney  AUG 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

District of Columbia

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

July 28, 2005   *Final*

Tony Miles, Esquire
Federal Public Defender Service
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

    Re:    United States v. Edwin Gerard Johnson
            Magistrate Case No. 050159M-01 . 05cr263

Dear Mr. Miles:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, Mr. Edwin Gerard Johnson. The offer expires on *August 4, 2005*. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document this letter, incorporating the factual proffer, will become the plea agreement. The terms of the agreement are as follows:

    1. **Charges**. Your client agrees to admit guilt and enter a plea of guilty to one count of violating 18 U.S.C. § 912, False Impersonation of a United States Officer (Deputy U.S. Marshal) and one count of violating 18 U.S.C. § 1951, Interference with Commerce by Threats or Violence. The government agrees not to prosecute your client for any other offenses related to the emergency calls he placed to the Metropolitan Police Department on or about between February 13, 2005 and February 16, 2005, the calls he placed to the Metropolitan Police Department dispatcher made on or about February 16, 2005, or his actions on the 1400 block of K Street, N.W. Washington, D.C. on March 31, 2005 at approximately 2:10 a.m. The government further agrees to dismiss your client's pending D.C. Superior Court case number F 2114-05.

    2. **Potential penalties, assessments, and restitution.** Your client understands that pursuant to 18 U.S.C. § 912, the federal charge carries a maximum penalty of 3 years imprisonment, a maximum fine of $ 250,000 under 18 U.S.C. § 3571(3), and a maximum period of supervised release of not more than one year under 18 U.S.C. § 3583(b)(1). Pursuant to 18

-2-

U.S.C. § 1951, the federal charge carries a maximum penalty of 20 years imprisonment, a maximum fine of $ 250,000 under 18 U.S.C. § 3571(3), and a maximum period of supervised release of not more than three years under 18 U.S.C. § 3583(b)(1). In addition, your client agrees to pay a special assessment of $200 to the Clerk of the United States District Court prior to the date of sentencing. See also 18 U.S.C. § 3013.

3. **Release/Detention pending sentencing.** Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

4. **Waiver of constitutional and statutory rights.** Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial, and (where relevant) the right to be tried in the district where the offenses were committed. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

Your client understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

5. **Agreed Sentence.** In addition to the preceding paragraphs contained in this plea letter, your client and this Office agree that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, a specific sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines (U.S.S.G.) shall be a reasonable sentence for your client in this case. If the Court accepts your client's guilty plea under this arrangement, your client shall be sentenced to a period of 33 months. The parties agree that the sentence to be imposed is as follows:

The offense level for violating 18 U.S.C. § 912 to which the defendant will plead guilty is governed by U.S.S.G. § 2J1.4, Impersonation. Pursuant to U.S.S.G.§ 2J1.4(c) the applicable

increase in the base offense level is found at U.S.S.G. § 2B1.1(b)(8)(A) (where the impersonation was to facilitate a violation of 18 U.S.C. § 1343 Fraud by Wire, Radio, or Television). The base offense level under U.S.S.G. § 2B1.1(b) is 6 and the relevant adjustments under U.S.S.G. § 2B1.1(b)(8)(A) results in an offense level of 10 (defendant was acting on behalf of a government agency). There is an additional 3 level increase under U.S.S.G. § 3A1.2(a) (offense involving an official victim) resulting in a final adjusted offense level of 13.

The base level for violating 18 U.S.C. § 1951 to which the defendant will plead guilty is 18 pursuant to U.S.S.G.§ 2B3.2(a), Extortion by Force or Threat of Injury or Serious Damage. The relevant adjustment under this offense is a 2 level increase under U.S.S.G. § 3C1.2 (recklessly endangering others during his flight) resulting in a final adjusted offense level of 20.

Pursuant to U.S.S.G. § 3D1.4(b) the combined offense level is determined by taking the highest offense level after all of the relevant adjustments, in this case a level 20, and adding 1 level for the second offense that is 7 levels less serious than the highest offense. This results in a combined offense level of 21.

If your client accepts this plea offer by *August 4, 2005*, and complies with all conditions of this Agreement, continues to accept responsibility for his criminal conduct, and commits no other criminal acts, then the United States will file a motion pursuant to U.S.S.G. § 3E1.1(b) and not opppose a three level reduction in the defendant's offense level for his acceptance of responsibility pursuant to § 3E1.1 for a final adjusted offense level of 18. If those conditions are satisfied, then the United States and your client agree that pursuant to Federal Criminal Rule 11(c)(1)(C) he should be sentenced to a period of incarceration of 33 months which is a reasonable sentence within the Guidelines range applicable to your client based upon the total offense level of 18. The parties agree that if the Court does not accept this proposed plea agreement, the government may withdraw this plea offer and your client will be afforded the rights provided in the Federal Rules of Criminal Procedure 11(c)(5). In that event, your client agrees that plea negotiations tolled the Speedy Trial Act as of the date of the filling of the Information.

6. **Limited Waiver of Appeal.** Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that any calculation of the sentencing ranges under the U.S. Sentencing Guidelines or expectation is not binding on the Judge. Knowing that, the defendant waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742 except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the United States in this agreement. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Further your client reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C.§2255 if new and currently unavailable information becomes known to him.

-4-

7. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter, consistent with this agreement. In particular, the United States reserves its right to recommend the specific period of incarceration and a fine up to the maximum allowable by law. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters with regard to sentencings.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons or in any other post-sentence litigation. The United States reserves the right to appeal the sentence in this case.

8. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Offices for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the Immigration and Naturalization Service of the Department of Justice: or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. If your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Immigration and Customs Enforcement.

9. **Breach of agreement.** Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from it obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the courts of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these


-5-

rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

10. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court. If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney for
  the District of Columbia

Heidi M. Pasichow
Assistant United States Attorney
D.C. Bar # 370686
United States Attorney's Office
555 4th Street, N.W. Room 11-445
Washington, D.C. 20530
202-514-7533

-6-

## Defendant's Acceptance

I have read or have had read to me this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty of the crimes of False Impersonation of a United States Officer (Deputy U.S. Marshal) and Interference with Commerce by Threats or Violence because I am guilty of those crimes.

_Aug 16, 2005_
Date

_[signature]_
Defendant Edwin Gerard Johnson

## Attorney's Acceptance

I am the defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the office representing of the United States Attorneys for the District of Columbia.

_8/16/05_
Date

_[signature]_
Tony Miles
Counsel for Defendant